UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 24-3702 FMO (AJRx) | Date | May 21, 2024 |
|---|---|---|---|
| Title | Steven Oppegard v. Bank of America, N.A., et al. | | |

| Present: The Honorable | Fernando M. Olguin, United States District Judge | |
|---|---|---|
| Vanessa Figueroa | None | None |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorney Present for Plaintiff(s): | | Attorney Present for Defendant(s): |
| None Present | | None Present |

**Proceedings:** (In Chambers) Order to Show Cause Re: Subject Matter Jurisdiction

On May 2, 2024, plaintiff Steven Oppegard ("plaintiff"), proceeding pro se, filed his Complaint asserting state law claims against several defendants. (See Dkt. 1, Complaint at 1-2). Plaintiff's claims arise from defendants' alleged "wrongful and fraudulent conduct" related to his real property located in California. (See id.). Plaintiff asserts that "[j]urisdiction is proper in this Court under California law, as this case involves real property located within the County of Orange." (Id. at 1).

Having reviewed the record, the court finds that plaintiff has failed to adequately allege a basis for the court's subject matter jurisdiction. "Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute[.]" Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377, 114 S.Ct. 1673, 1675 (1994). Federal courts have a duty to examine jurisdiction sua sponte before proceeding to the merits of a case, see Ruhrgas AG v. Marathon Oil Co., 526 U.S. 574, 583, 119 S.Ct. 1563, 1569 (1999), "even in the absence of a challenge from any party." Arbaugh v. Y&H Corp., 546 U.S. 500, 514, 126 S.Ct. 1235, 1244 (2006).

When jurisdiction is based on a federal question, the plaintiff must state a claim that "aris[es] under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. When jurisdiction is predicated on diversity of citizenship pursuant to 28 U.S.C. § 1332(a), complete diversity must exist between the opposing parties and the amount in controversy must exceed $75,000. See Caterpillar Inc. v. Lewis, 519 U.S. 61, 68, 117 S.Ct. 467, 472 (1996); 28 U.S.C. § 1332. "The party seeking to invoke the district court's diversity jurisdiction always bears the burden of both pleading and proving diversity jurisdiction." NewGen, LLC v. Safe Cig, LLC, 840 F.3d 606, 613-14 (9th Cir. 2016). Plaintiff has not alleged that this court has either federal question or diversity jurisdiction.[1] (See, generally, Dkt. 1, Complaint). Indeed, it appears that

---

[1] Nor has plaintiff alleged any other basis to invoke the court's subject matter jurisdiction. (See, generally, Dkt. 1, Complaint).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **CV 24-3702 FMO (AJRx)** | Date | **May 21, 2024** |
|---|---|---|---|
| Title | **Steven Oppegard v. Bank of America, N.A., et al.** | | |

plaintiff should have filed his Complaint in state court.

     Accordingly, IT IS ORDERED that no later than **June 4, 2024**, plaintiff shall file a First Amended Complaint demonstrating the court's subject matter jurisdiction.  The Order to Show Cause will stand submitted upon the filing of a First Amended Complaint that addresses the issues raised in this Order on or before the date indicated above.  **Failure to respond to this order to show cause by the deadline set forth above shall be deemed as consent to dismissal of the action without prejudice** for lack of subject matter jurisdiction.

|  | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | | vdr | |